### JOHN B. HILL *versus* GILBERT KNOWLTON *& al.*

To bring a case within the provisions of St. 1839, c. 366, relating to poor debtors' bonds, it is only necessary to show that prior to a breach of any of the conditions of the bond, a notice of the intention to make a disclosure, and to take the poor debtor's oath had been given; and that the proper oath in pursuance thereof had been taken.

Though the certificate be not made at the proper time, or informally made, it does not prevent the debtor from claiming the advantage of the provisions of that act.

When there has been no damage, though the bond has been forfeited, the Court, upon an agreed statement of facts, will render judgment for the defendant.

THIS was an action of debt on a bond given on an execution against the principal defendant, agreeably to the provisions of the 7th section of "an act supplementary to an act, for the relief of poor debtors," passed April 2d, 1836. The bond was dated Nov. 24th, 1836.

To prove that the debtor had complied with the conditions of the bond, the defendants offered the certificate of two justices of the peace, and quorum, from which it appeared, that a disclosure had been made before them at Dixmont, and that the debtor had taken the oath required by the 8th section of an act for the relief of poor debtors, passed March 24th, 1835. The certificate described no amount of debt or cost in the execution upon which the principal defendant had been committed, and had never been placed on the files in the gaoler's office.

It is admitted that the plaintiff can prove, if it be admissible, that this certificate was not signed by the magistrates, till after the commencement of this suit; but that a record was made of their proceedings signed by one Justice as follows:

"Dixmont, April 15, 1837.

"On citation, Jacob Knowlton to John B. Hill, the creditor in execution. Examination before James Means, and Jesse Robinson, two Justices of the Peace, *Quorum unus*, at ten o'clock, A. M. when after a full examination and disclosure, it appeared that the debtor was destitute of property, except

VOL. I.          57

what is exempted from attachment and execution; the said Justices therefore administered to him the poor debtor's oath.

"Jesse Robinson, attest."

It was admitted that the plaintiff could likewise prove that the complaint by the debtor, was made to a justice of the peace, and notice issued by him to the creditor, returnable at the office of said Justice, in Dixmont, where such disclosure as was made, was had.

The plaintiff offered to prove, but the facts were contested by the defendant, that the justice who issued the notification had no other office than his house, in one room of which he kept the Post Office, and transacted business as postmaster, and magistrate; and that the plaintiff appeared at the time specified in the disclosure, and could find neither debtor nor justices.

It was admitted that at the time of the disclosure the debtor had not any property not exempt by law from attachment.

Upon these facts, as far as they may be legally admissible, a default or nonsuit is to be entered according to the determination of the Court upon legal principles; unless the facts offered to be proved, shall be considered as affecting the defence, in which event the cause is to stand for trial.

*J. Appleton,* for the plaintiff. The original record of the magistrate shows no compliance with the conditions of the bond. The jurisdiction of the justices must appear by the record. 1 Pick. & Met. Dig. 629. The judgment of the justices is to be entered up, and their proceedings duly recorded. *Kendrick* v. *Gregory,* 9 Greenl. 24. The magistrates constitute a Court, whose adjudication, when they have jurisdiction, is binding. *Agry* v. *Betts,* 3 Fairf. 417. Their power, being judicial, and they being obliged to keep records of their doings, the correctness of their decision is to be determined by the records alone. It can receive no aid, *ab extra.* The record existing is defective in not showing that any notice was given to the creditor — nor on what judgment the execution issued, on which the disclosure was had — and in showing that the disclosure, such as it was, was had at a place, and time

different from that set forth in the notice. *Knight* v. *Norton,* 15 Maine R. 337. The certificate of the magistrates is based upon the record, and if that be insufficient, the certificate cannot enlarge it. The certificate is not the proof, but the record of the magistrates. The certificate constitutes no defence. It does not show on *what* judgment the disclosure was made. This certificate is as good a defence to any or all other bonds given under similar circumstances, as to the one in suit. It in no way identifies the judgment upon which this bond was given, as being the one to which it relates. It is inferior in authenticity to the record of the magistrates — varies from and is unsupported by it. It was made after the commencement of this suit. It was not filed in the gaoler's office, and is not, for that cause, valid. Stat. 1835, c. 195, § 10.

The condition of the bond, required a disclosure according to the provisions of the 7th section of an act passed April 2d, 1836. The debtor, according to the certificate, took the oath prescribed by the 8th section of the poor debtor's law, passed March 24th, 1835. So that no compliance with the conditions of the bond is shown, and the case is not brought within St. 1839, c. 366.

*A. W. Paine,* for the defendants. The certificate being in due form, is conclusive as to all the facts therein recited. *Agry* v. *Betts,* 3 Fairf. 415 ; *Black* v. *Ballard,* 14 Maine R. 239; *Haskell* v. *Haven,* 3 Pick. 404. The Statute does not require the filing of the certificate. *Kendrick* v. *Gregory,* 9 Greenl. 22 ; *Murray* v. *Neally,* 2 Fairf. 238. The testimony offered was inadmissible, because it tends to contradict the record ; and because if true it is immaterial, as it is not the certificate, but the administering the oath, which operates as a discharge. If all the proceedings are illegal, still by the act of 1839, c. 366, the debtor being insolvent, the defendant is entitled to judgment.

The opinion of the Court was delivered by

SHEPLEY J. — There has not been a strict performance of the condition of the bond ; and the plaintiff would be entitled

to recover, but for the interposition of the act of the 8th of February, 1839, c. 366. That act was decided to be constitutional in the case of the *Oriental Bank* v. *Freese*, 18 Maine R. 109. To bring a case within its provisions, it is only necessary to show, that prior to a breach of any of the conditions of the bond, a notice of the intention to make a disclosure and to take the poor debtors' oath had been given; and that the proper oath in pursuance thereof had been taken. Upon examination of the agreed statement it appears, that the notice was such, as that statute contemplates, and that the proper oath required by the law and the condition of the bond was administered.

Whatever objection there may be to the certificate, arising from the neglect of the magistrates to make it at the proper time, or from want of form, it cannot prevent the defendants from claiming the advantage of the provisions of that act.

When there is no proof of damages the jury are authorized to return a verdict for the defendant, although there may be a breach of the condition of the bond; and when the facts are submitted to the court, it appears but a proper discharge of duty to give effect to the intentions of the legislature.

*Plaintiff nonsuit.*